Charmaine THORPE, Respondent,

v.

HAMMONS SHEET METAL COMPANY d/b/a Hammond Distributing, Appellant.

No. 73811.

Missouri Court of Appeals, Eastern District, Division Two.

March 16, 1999.

Rehearing Denied May 26, 1999.

Robert R. Schwarz, St. Louis, for appellant.

Charmaine Thorpe, party acting pro se, St. Louis, for respondent.

## OPINION

JAMES R. DOWD, Presiding Judge.

Hammons Sheet Metal Co. ("Hammons") appeals from a judgment entered by the circuit court in a trial *de novo* of a small claims court judgment. Hammons contends there is insufficient evidence to support the judgment. We agree.

In September 1992, Thorpe contracted with Eagle Heating & Cooling Co. for the installation of a furnace. Eagle Heating purchased a Janitrol furnace, which is manufactured by Goodman Manufacturing Co., from Hammons, a Goodman distributor. The furnace was covered by an express written warranty issued by Goodman. The cost of the furnace, including installation, was $2,400.00.

Beginning in 1993, the electrical parts on the furnace rusted out, causing the furnace to malfunction. In an effort to resolve the problem, Thorpe contacted Goodman. Goodman referred Thorpe to Hammons. Thorpe relayed her problem to George Barron, a tech trainer at Hammons. Barron told Thorpe he believed the problem was caused by improper installation rather than a manufacturing defect. Thorpe questioned this assessment, and Barron eventually agreed to visit Thorpe's home to inspect the furnace. In October 1996, Barron inspected the furnace and informed Thorpe that the problem was caused by improper installation; however, Barron did have S & S Heating and Cooling replace all the electrical parts of the furnace. Thorpe was only billed for the cost of labor, which amounted to $70. After the electrical parts were replaced, the furnace was temporarily operational. Several months later, however, the electrical parts of the furnace rusted out again.

Thorpe then filed this small claims action against Hammons for breach of warranty. The trial court entered judgment in favor of Thorpe on the basis that the furnace was covered by an express warranty.

■ We need not engage in a lengthy discussion of the potential cause or causes for the parts rusting out. For present purposes, we assume Thorpe is correct that the problem is caused by a manufacturing or design defect. Thorpe's claim against Hammons, however, is predicated on an express written warranty issued by Goodman.

> An agent, dealer, or distributor cannot be held liable on a manufacturer's express warranty unless he has adopted it. The mere sale of goods together with the transmission of the manufacturer's warranty does not bind an agent; and delivering, presenting, or explaining the manufacturer's warranty, without more, does not render a dealer a co-warrantor by adoption.

77A C.J.S. *Sales* sec. 240 (1994) (internal footnotes omitted). *Accord State v. Patten*, 416 N.W.2d 168, 171 (Minn.App.1987); *McGee v. Nashville White Trucks, Inc.*, 633 S.W.2d 311, 313 (Tenn.App.1981); *Courtesy Ford Sales, Inc. v. Farrior*, 53 Ala.App. 94, 298 So.2d 26, 31 (1974). The record contains no evidence indicating that Hammons adopted Goodman's express warranty or issued an express warranty of its own. Accordingly, the trial court erred in entering judgment against Hammons.

■ The judgment of the trial court is reversed.*

LAWRENCE G. CRAHAN, J., and RICHARD B. TEITELMAN, J., concur.

---

* We note that lack of privity would not preclude a suit against Goodman for breach of

warranty. *See Whitman v. Consolidated Aluminum Corp.,* 637 S.W.2d 405, 407 (Mo.App.